UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MONZER AL-KASSAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00086-WTL-DLP |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| S. JULIAN Warden, FCC-Terre Haute, | ) | |
| FNU RIGSBY Captain, FCC Terre Haute, | ) | |
| M. SAMPLE, | ) | |
| CLINT SWIFT Case Manager, FCC-Terre Haute, CMU, | ) | |
| EVELYN KELLER Intelligence Research Specialist, FCC-Terre Haute CMU, | ) | |
| FNU RODRIGUEZ Lieutenant, FCC-Terre Haute, | ) | |
| ROBERT ROLOFF Chaplain, FCC-Terre Haute, | ) | |
| FNU MCCOY C/O, FCC-Terre Haute, | ) | |
| FNU DUBBINS C/O, FCC-Terre Haute, | ) | |
| CORY MILLER C/O, FCC- Terre Haute, | ) | |
| FNU SULLIVAN C/O, FCC-Terre Haute, | ) | |
| FRANK HART C/O, FCC-Terre Haute, | ) | |
| UNKNOWN PARTY Correctional Officers, FCC-Terre Haute, | ) | |
| D. MATTHEWS FCC-Terre Haute, | ) | |
| N. COLE FCC-Terre Haute, | ) | |
| AMY ADAMS Recreation Supervisor, FCC-Terre Haute, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
And Directing Service of Process**

**I. Screening**

Plaintiff Monzer Al-Kassar is a federal inmate formerly incarcerated at the Federal Correctional Complex at Terre Haute, Indiana ("FCC-TH"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to

screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### *Allegations*

The complaint, Dkt. No. 1, was transferred to this Court from the Southern District of Illinois. Mr. Al-Kassar has paid the filing fee.

Mr. Al-Kassar names sixteen (16) defendants, in addition to seven (7) "Unknown Correctional Officers." He seeks injunctive relief (in the form of expunging a disciplinary report), and nominal, compensatory, and punitive damages. Because the plaintiff is a federal inmate, his civil rights claims are brought under the theory of *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

Mr. Al-Kassar is a 72 year old man allegedly serving a 360 month sentence for various conspiracy offenses and money laundering. He alleges that he has ties to the Syrian government and that after he was incarcerated, he refused to assist the United States government in their efforts to overthrow the government of Syria. He alleges that this led to him being tortured by staff at the FCC-TH.

Mr. Al-Kassar's first claim is that the Federal Bureau of Prisons ("BOP") violated his due process rights and the Administrative Procedures Act ("APA") when it found him guilty of a disciplinary charge without allowing him to make a statement or call witnesses. He alleges that he was not denied any good time credits.

Mr. Al-Kassar's second claim is that from September 16, 2016, through October 20, 2016, defendants S. Julian, FNU Rigsby, M. Sample, Clint Swift, Evelyn Keller, FNU Rodriguez, Robert Roloff, FNU McCoy, FNU Dubbins, Cory Miller, FNU Sullivan, Frank Hart, and Amy Adams were aware that he was being held in a hotbox or sweatbox consisting of a 7' x 9' windowless room with no access to natural light that was not cooled or ventilated while the outdoor temperature exceeded 90 degrees. The floor of the room was so hot that he could not stand on it during the daytime. The room was filthy, infested with insects, and had water constantly dripping into it from an upstairs cell. A machine outside the room made constant screeching noises, making sleep and conversation impossible. Dkt. No. 1, p. 32. He further alleges that he asked each of these defendants for medical treatment because he needed prescriptions for high blood pressure and diabetes, but such treatment was deliberately withheld. These claims arise out of the Eighth Amendment to the United States Constitution.

Mr. Al-Kassar's third claim is that Evelyn Keller retaliated against him for seeking legal advice from his attorney when she wrote up two false incident reports against him, authorized the use of force and ordered the denial of medical care. These claims arise out of the First and Eighth Amendments.

Mr. Al-Kassar's fourth claim is brought against Unknown Correctional Officers for entering his cell at midnight on October 19, 2016, physically picking him up off the concrete slab

he slept on, shackling him while naked, and walking him through the prison with the intent to humiliate and inflict pain.

His fifth claim is also against Unknown Correctional Officers for transporting him, after he was dressed, in a 2' x 4' box with a chair and no window or opening, for 3-4 hours to USP-Marion.

Mr. Al-Kassar's sixth and final claim is that D. Matthews and N. Cole, employees at FCC-TH, violated his due process rights when they found him guilty of a disciplinary charge without allowing him to make a statement or call witnesses. He alleges that he was not denied any good time credits.

*Analysis*

The first claim, the APA claim against the BOP, is **dismissed for failure to state a claim upon which relief can be granted** because no final agency action is alleged. *Builders Bank v. Federal Deposit Ins. Corp.*, 846 F.3d 272, 275 (7th Cir. 2017) (the absence of a final agency decision is a reason to dismiss APA lawsuit); 5 U.S.C. § 701.

With respect to the due process claims, the first and sixth claims, noncompliance with prison regulations "amounts to a due process violation only if those regulations create a liberty interest." *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011). "Prison regulations give rise to a liberty interest only if they shield inmates from an 'atypical or significant hardship…in relation to the ordinary incidents of prison.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Any impropriety with the disciplinary proceedings would be controlled by the mandates of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the result of which might be challenged in a habeas proceeding, not a civil rights action. However, if neither a loss of good time credits or a demotion in credit class were imposed, which is the case here, the confining authority "is free to

use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). Therefore, his due process claims against the BOP, D. Matthews, and N. Cole are **dismissed for failure to state a claim upon which relief can be granted.**

The fourth and fifth claims brought against "Unknown Correctional Officers" must be **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). "[A] defendant cannot be liable under *Bivens* on the basis of *respondeat superior* or supervisory liability, rather, there must be individual participation and involvement by the defendant." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). If Mr. Al-Kassar identifies, through discovery or other means, the names of the unknown defendants within the period of the statute of limitations, he may seek leave to amend his complaint to add claims against the identified defendants.

No partial final judgment shall issue regarding the claims dismissed in this Entry.

The complaint **shall proceed** on the second and third claims which are Eighth Amendment claims asserted against S. Julian, FNU Rigsby, M. Sample. Clint Swift, Evelyn Keller, FNU Rodriguez, Robert Roloff, FNU McCoy, FNU Dubbins, Cory Miller, FNU Sullivan, Frank Hart, and Amy Adams, and the First Amendment retaliation claim brought against Evelyn Keller.

If the plaintiff believes that he asserted any additional claims which were not recognized in this Entry, he should notify the Court of this fact by no later than **June 11, 2018.**

## II. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. The Court must be able to communicate with the plaintiff. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the *Federal Rules of Civil Procedure* to issue process to defendants S. Julian, FNU Rigsby, M. Sample, Clint Swift, Evelyn Keller, FNU Rodriguez, Robert Roloff, FNU McCoy, FNU Dubbins, Cory Miller, FNU Sullivan, Frank Hart, and Amy Adams, and the officials designated pursuant to Rule 4(i)(1) and 4(i)(3). Process shall consist of a summons, which shall be served with a copy of the complaint filed on February 26, 2018, docket 1, and a copy of this Entry, by the Marshal for this District or his deputy, at the expense of the United States. Because the plaintiff is proceeding, in part, under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required.** *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994).

**The clerk shall update the docket** to dismiss and **terminate** defendants Federal Bureau of Prisons, D. Matthews, N. Cole, and the Unknown Correctional Officers.

**IT IS SO ORDERED.**

Date: 5/24/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MONZER AL-KASSAR
61111-054
MARION
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204