UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MONZER AL-KASSAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00086-JPH-DLP |
| | ) | |
| S. JULIAN Warden, FCC-Terre Haute, | ) | |
| FNU RIGSBY Captain, FCC Terre Haute, | ) | |
| M. SAMPLE, | ) | |
| CLINT SWIFT Case Manager, FCC-Terre Haute, | ) | |
| CMU, | ) | |
| EVELYN KELLER Intelligence Research | ) | |
| Specialist, FCC-Terre Haute CMU, | ) | |
| FNU RODRIGUEZ Lieutenant, FCC-Terre Haute, | ) | |
| ROBERT ROLOFF Chaplain, FCC-Terre Haute, | ) | |
| FNU MCCOY C/O, FCC-Terre Haute, | ) | |
| FNU DUBBINS C/O, FCC-Terre Haute, | ) | |
| CORY MILLER C/O, FCC- Terre Haute, | ) | |
| FNU SULLIVAN C/O, FCC-Terre Haute, | ) | |
| FRANK HART C/O, FCC-Terre Haute, | ) | |
| AMY ADAMS Recreation Supervisor, FCC-Terre Haute, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTION FOR PARTIAL STAY OF PROCEEDINGS
AND DIRECTING FURTHER PROCEEDINGS**

In the Entry of June 21, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment on the issue of exhaustion. Dkt. 94. Defendant Keller was granted summary judgment on the retaliation claim, Claim Three of the *Bivens* claims. *Id.* The motion for summary judgment was denied with respect to the issue of exhausting the plaintiff's Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2761-80 (FTCA) claims. *Id.* The motion for summary judgment was also denied with respect to Claims One and Two of the plaintiff's *Bivens* claims. *Id.* As a

1

result of these rulings, the Court held that a hearing pursuant to *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), would be set to resolve the issue of exhaustion on the *Bivens* Claims One and Two.

On July 19, 2019, Defendants moved to stay the plaintiff's *Bivens* claims pending the resolution of his FTCA claims on the merits because preparing for and participating in the intended *Pavey* hearing will be inconvenient and costly. Dkt. 96. They point out that the parties and non-parties may have to travel far distances to testify and that the plaintiff and three of his witnesses are incarcerated in USP-Marion in Illinois. Defendants assert that the plaintiff's *Bivens* and FTCA claims are based on the same actions or occurrences.

Defendants argue that if the FTCA claims are adjudicated first and somehow do not also dispose of the *Bivens* claims, the plaintiff "would have lost nothing; the Court could simply lift the stay and proceed with the *Pavey* hearing at that time." Dkt. 96 at 3, ¶ 7.a. But "an FTCA judgment bars a *Bivens* claim raised in the same suit," *Manning v. United States*, 546 F.3d 430, 434 (7th Cir. 2008), when, as Defendants acknowledge, the claims are of the "same subject matter," 28 U.S.C. § 2676. The FTCA judgment bar provides in full:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

*Id.*

In essence, Defendants are asking the plaintiff to forego his option to litigate both FTCA and *Bivens* claims through trial and then withdraw his FTCA claim to avoid the judgment bar on his *Bivens* claims, if that decision presents itself. *See Manning,* 546 F.3d at 435 ("We do not think it unreasonable to require a plaintiff that moved for judgment on a successful *Bivens* claim to decide whether or not it makes sense to voluntarily withdraw a contemporaneous FTCA claim."). The judgment bar would apply whether an FTCA judgment favored the plaintiff or the United

2

States. *Id.* at 433. If the plaintiff were to lose on his FTCA claim, he will have lost the opportunity to litigate his *Bivens* claims. *Id.* at 434. (plaintiffs "who choose to pursue both avenues of relief must assume the risk that a *Bivens* judgment would be nullified by § 2676."). "[B]ecause of the broad language of the judgment bar, *plaintiffs* must make strategic choices in pursuing the remedies." *Id*. at 435 (emphasis added). The plaintiff opposes the motion to stay. Dkt. 99. He states that he is aware of the judgment bar and that at some point he will have to decide which theory he wishes to take to judgment. *Id.*

In his opposition to Defendants' motion for partial stay, the plaintiff points out that there are a number of statutory defenses available to Defendants under the FTCA that are not available to them under *Bivens*. Dkt. 99 at 2-3. He states that he would be "willing to dismiss his *Bivens* claims at this stage of the proceeding," and thereby avoid the *Pavey* hearing, if Defendants waive any statutory defenses, including those in 28 U.S.C. § 2680. Dkt. 99 at 3. Defendants replied by arguing that the statutory defenses question "is a non-issue," dkt. 100, because "the judgment bar provision 'shall not apply' to the categories of claims in the 'Exceptions' section of the FTCA." *Simmons v. Himmelreich,* 136 S. Ct. 1843, 1849 (2016). Defendants assert that even if the United States successfully asserted a statutory defense to the FTCA claims, the judgment bar would not apply and the plaintiff could still pursue his *Bivens* claims against the individual defendants. Dkt. 100 at 1. "The dismissal of a claim in the 'Exceptions' section signals merely that the United States cannot be held liable for a particular claim; it has no logical bearing on whether an employee can be held liable instead." *Simmons,* 136 S. Ct. at 1849. "The judgment bar provision…does not apply to the categories of claims in the 'Exceptions' sections of the FTCA." *Id*. at 1850.

3

While Defendants' assertion, that the judgment bar does not apply to the § 2680 defenses, is true, the bottom line is that they have not agreed to waive any statutory defenses. Therefore, the plaintiff's conditional offer to dismiss (or defer) his *Bivens* claims has been rejected.

The Court agrees that a *Pavey* hearing will likely present complicated logistical issues and a great deal of expense for the parties and the Court, but Defendants are the ones who have asserted that affirmative defense. There is no basis to potentially preclude the plaintiff from litigating his *Bivens* claims simply because Defendants' exhaustion defense is a burden for Defendants to litigate. Defendants' motion for partial stay of proceedings, dkt. [96], is **denied.**

Defendants shall have **January 24, 2020,** in which to notify the Court of their decision to either a) proceed with a *Pavey* hearing, or b) withdraw the exhaustion defense.

**SO ORDERED.**

Date: 12/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MONZER AL-KASSAR
61111-054
MARION
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov