UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MONZER AL-KASSAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00086-JPH-DLP |
| | ) | |
| S. JULIAN Warden, FCC-Terre Haute, | ) | |
| FNU RIGSBY Captain, FCC Terre Haute, | ) | |
| M. SAMPLE, | ) | |
| CLINT SWIFT Case Manager, FCC-Terre Haute, | ) | |
| CMU, | ) | |
| EVELYN KELLER Intelligence Research | ) | |
| Specialist, FCC-Terre Haute CMU, | ) | |
| FNU RODRIGUEZ Lieutenant, FCC-Terre Haute, | ) | |
| ROBERT ROLOFF Chaplain, FCC-Terre Haute, | ) | |
| FNU MCCOY C/O, FCC-Terre Haute, | ) | |
| FNU DUBBINS C/O, FCC-Terre Haute, | ) | |
| CORY MILLER C/O, FCC- Terre Haute, | ) | |
| FNU SULLIVAN C/O, FCC-Terre Haute, | ) | |
| FRANK HART C/O, FCC-Terre Haute, | ) | |
| AMY ADAMS Recreation Supervisor, FCC-Terre Haute, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO RECONSIDER**

The Court denied in part and granted in part the defendants' motion for summary judgment on the issue of exhaustion of administrative remedies. Dkt. 94. In that ruling, the Court dismissed the plaintiff's retaliation claim as a matter of law, finding that *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) precluded First Amendment claims under *Bivens. Id.*

The plaintiff filed a motion to reconsider the Court's dismissal of the First Amendment retaliation claim in light of the Seventh Circuit's recommendation in *Smadi v. True, et al.,* 783 F. App'x 633 (7th Cir. 2019), that in the Seventh Circuit, First Amendment retaliation claims filed

1

by federal inmates should be evaluated after receiving counseled briefing on the matter. *See also Haas v. Noordeloos,* 792 F. App'x 405 (7th Cir. Feb. 6, 2020) ("In this circuit," the question of whether a *Bivens*-style damages remedy is available for alleged First Amendment claims after *Abbasi* "is unsettled.").

The Court has determined that a *Pavey* hearing is necessary to resolve the issue of exhaustion of administrative remedies on the plaintiff's other claims, and the Court has recently recruited counsel to assist the plaintiff. Dkt. [117]. Considering all of the circumstances, it is in the interest of judical economy to allow the retaliation claim to proceed to the extent that it will be included with the other claims to be addressed at the *Pavey* hearing. Therefore, the plaintiff's motion to reconsider the dismissal of and reinstate the retaliation claim, dkt. [104], is **GRANTED to the extent that whether the plaintiff exhausted his administrative remedies with respect to the retaliation claim asserted against defendant Keller will also be addressed during the *Pavey* hearing, to be scheduled in a separate Order.**

**SO ORDERED.**

Date: 3/16/2020

                                                                                                          *James Patrick Hanlon*
                                                                                                          James Patrick Hanlon
Distribution:                                                                                  United States District Judge
                                                                                                          Southern District of Indiana

MONZER AL-KASSAR
61111-054
MARION
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov