UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONZER AL-KASSAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:18-cv-00086-JPH-DLP |
| | ) |
| S. JULIAN Warden, FCC-Terre Haute, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JOINT STIPULATED FACTS FOR *PAVEY* HEARING**

Plaintiff Monzer al-Kassar ("Plaintiff"), by counsel, and Defendants Stephen Julian, Vincent Rigsby, Michael Sample, Clint Swift, Evelyn Keller, Carlos Rodriguez, Robert Roloff, Zachary McCoy, Jeffrey Dobbins, Cory Miller, Shawn Sullivan, Frank Hart, Amy Adams, and the United States of America (the "United States"), by counsel, respectfully tender the following stipulated facts:

1.     Plaintiff is and was at all relevant times a federal inmate in the custody of the federal Bureau of Prisons (BOP), which is a component of the United States Department of Justice.

2.     The BOP has promulgated an administrative remedy system, codified at 28 C.F.R. sections 542.10, *et seq*. and BOP Program Statement 1330.18, Administrative Remedy Procedures for Inmates ("P.S. 1330.18"), through which an inmate may seek formal review of a complaint related to any aspect of his imprisonment.  28 C.F.R. § 542.10.

3.     To exhaust his remedies, pursuant to 28 C.F.R. § 542.13(a), "an  inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy.  Each warden shall establish procedures to allow for the informal resolution of inmate complaints."  P.S. 1330.18 at 4 (¶ 7.a.).

The BOP, typically, utilizes a form called a BP 8 for the Informal Resolution process. The "informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution." 28 C.F.R. § 542.13(b).

4.      According to the applicable regulations and P.S. 1330.18, an inmate who is dissatisfied with the result of his attempt at informal resolution or wishes to bypass informal resolution may submit "the appropriate form (BP-9)" to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 calendar days of the incident giving rise to the request. 28 C.F.R. § 542.14(a); P.S. 1330.18 at 4.

5.      According to the applicable regulations and P.S. 1330.18, if the inmate is dissatisfied with the response to his BP-9, he may appeal to the Regional Director by submitting a form BP-10 to the appropriate Regional Office "within 20 calendar days of the date the Warden signed the response" to the BP-9. 28 C.F.R. § 542.15(a); P.S. 1330.18 at 6–7.

6.      According to the applicable regulations and P.S. 1330.18, if the inmate is dissatisfied with the Regional Director's response to his BP-10, he may appeal to the General Counsel by submitting a form BP-11 by mail to the BOP Central Office "within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a); P.S. 1330.18 at 7.

7.      P.S. 1330.18, ¶ 8(c)(1) states: "The inmate shall obtain the appropriate form from CCC staff or institution staff (ordinarily, the correctional counselor)." P.S. 1330.18, ¶ 8(c)(2) states: "The inmate shall place a single complaint or a reasonable number of closely related issues on the form. If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue."

2

8.      Plaintiff was incarcerated in the Communications Management Unit (CMU) at the Federal Correctional Institution in Terre Haute, Indiana (FCI – Terre Haute) from December 12, 2011 to October 19, 2016.

9.      FCI – Terre Haute is one of the three correctional facilities that compose the Federal Correctional Complex in Terre Haute, Indiana (FCC – Terre Haute).

10.     Pursuant to Institution Supplement Number THX-1330.18A (DEF-000004-DEF-000012), dated January 22, 2016, "The Executive Assistant is the designated Administrative Remedy Coordinator." (*Id.* at DEF-000004-DEF-000005, ¶ IV.) "It shall be the practice at FCC Terre Haute to informally resolve inmate complaints whenever possible. Inmates will present their complaints verbally to their unit team, ordinarily the correctional counselor. In the absence of the correctional counselor, inmates will be permitted to present their issue to any staff member assigned to their unit team." (*Id.* at DEF-000005, ¶ V.A.)

11.     On May 16, 2012, a BP-9 form with various attachments, including a completed BP-8 form, was received from Plaintiff, accepted at the facility level, and assigned Remedy No. 688581-F1. The complaint was resolved informally, and Plaintiff withdrew the request. DEF-000189–DEF-000194.

12.     On April 4, 2013, a BP-9 form with various attachments, including a completed BP-8 form, was received from Plaintiff, accepted at the facility level, and assigned Remedy No. 728903-F1. The complaint was denied at the facility level. On May 6, 2013, a BP-10 form was received from Plaintiff, accepted at the Regional level, and assigned Remedy No. 728903-R1. The complaint was denied at the Regional level. Plaintiff did not appeal further. DEF-000195–DEF-000210.

13.     On April 4, 2013, a BP-9 form was received from Plaintiff, accepted at the facility

level, and assigned Remedy No. 728937-F1.  The complaint was denied at the facility level.  On May 6, 2013, a BP-10 form was received from Plaintiff, accepted at the Regional level, and assigned Remedy No. 728937-R1.  The complaint was denied at the Regional level.  Plaintiff did not appeal further.  DEF-000211–DEF-000226.

14.     On July 2, 2013, a BP-9 form with various attachments, including a completed BP-8 form, was received from Plaintiff, accepted at the facility level, and assigned Remedy No. 740816-F1.  The complaint was denied at the facility level.  Plaintiff did not appeal further.  DEF-000227–DEF-000238.

15.     On November 22, 2013, a BP-9 form with various attachments, including a completed BP-8 form, was received from Plaintiff, accepted at the facility level, and assigned Remedy No. 758788-F1.  The complaint was denied at the facility level.  DEF-000239–DEF-000250.

16.     On July 18, 2014, a BP-9 form with various attachments, including a completed BP-8 form, was received from Plaintiff, accepted at the facility level, and assigned Remedy No. 787063-F1.  The complaint was ultimately resolved informally, and Plaintiff withdrew the request.  DEF-000251-DEF-000261.

17.     On October 22, 2014, a BP-9 form with various attachments was received from Plaintiff and assigned Remedy No. 798708-F1.  The complaint was rejected at the facility level.  On December 8, 2014, a BP-10 form was received from Plaintiff and assigned Remedy No. 798708-R1.  The complaint was rejected at the Regional level.  On February 20, 2015, a BP-11 form was received from Plaintiff and assigned Remedy No. 798708-A1.  The complaint was rejected at the Central Office level.

18.     From September 16, 2016 to October 19, 2016, Plaintiff was housed in the FCI –

Terre Haute CMU Special Housing Unit (SHU).

19.    During the time from September 16, 2016 to October 19, 2016, Defendant Stephen Julian was the Warden of FCI – Terre Haute.

20.    During the time from September 16, 2016 to October 19, 2016, Defendant Clint Swift was a Case Manager in the FCC – Terre Haute CMU.

21.    During the time from September 16, 2016 to October 19, 2016, Defendant Evelyn Keller was an Intelligence Research Specialist at FCC – Terre Haute.  Ms. Keller's job duties included conducting mail call in the FCC – Terre Haute CMU, which is handing out mail to inmates.  When Mr. Swift was not available, Ms. Keller's job duties during mail call included providing BP-8 forms and BP-9, BP-10, and BP-11 forms to inmates in the FCC – Terre Haute CMU who requested them.   When Mr. Swift was not available, Ms. Keller's job duties during mail call also included collecting completed BP-8 and BP-9 forms from inmates and directing them to the appropriate recipient(s) for a response.

22.    During the time from September 16, 2016 to October 19, 2016, Defendant Jeffrey Dobbins was a correctional officer in the FCC – Terre Haute CMU.

23.    On October 19, 2016, Plaintiff was transferred to the CMU at the United States Penitentiary in Marion, Illinois (USP – Marion).

24.    During the time from October 19, 2016, to February 26, 2018 (the date Plaintiff filed this lawsuit), Gary Burgess was Case Manager at the USP – Marion CMU.  Mr. Burgess's job duties included handing requests for BP-8 forms and BP-9, BP-10, and BP-11 forms to inmates in the USP – Marion CMU who requested them.  Mr. Burgess's job duties also included collecting completed BP-8 and BP-9 forms from inmates and directing them to the appropriate recipient(s) for a response.

25.     During the time from October 19, 2016, to February 26, 2018, Kathy Hill was an Intelligence Research Specialist at USP – Marion.  Ms. Hill's job duties included conducting mail call in the USP – Marion CMU.  When Mr. Burgess was not available, Ms. Hill's job duties during mail call included handing requests for BP-8 forms and BP-9, BP-10, and BP-11 forms to inmates in the USP – Marion CMU who requested them.   When Mr. Burgess was not available, Ms. Hill's job duties during mail call also included collecting completed BP-8 and BP-9 forms from inmates and directing them to the appropriate recipient(s) for a response.

26.     On November 28, 2016, a BP-9 form with various attachments was received from Plaintiff and assigned Remedy No. 883849-F1.  The complaint was rejected at the facility level. On December 5, 2016, a BP-10 form was received from Plaintiff and assigned Remedy No. 883849-R1.  The complaint was rejected at the Regional level.  On February 20, 2017, a BP-11 form was received from Plaintiff and assigned Remedy No. 798708-A1.  The complaint was rejected at the Central Office level.

27.     On February 23, 2017, a BP-9 form with various attachments, including a completed BP-8 form, was received from Plaintiff and assigned Remedy No. 892888-F1.  The complaint was rejected at the facility level.  On March 6, 2017, a BP-10 form was received from Plaintiff and assigned Remedy No. 892888-R1.  The complaint was rejected at the Regional level. On March 24, 2017, a BP-11 form was received from Plaintiff and assigned Remedy No. 892888-A1.  The complaint was rejected at the Central Office level.  The rejection notice instructed Plaintiff to "have staff provide a memo stating the late filing was not your fault, then re-submit" his BP-9.

28.     DEF-000001-DEF-000002 was scanned into the Plaintiff's FCI – Terre Haute CMU folder on October 21, 2016.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

*/s David J. Carr* (with permission)          By:  *s/ Lara Langeneckert*
David J. Carr                                           Lara Langeneckert
Paul C. Sweeney                                    Justin Olson
Joana O. Ampofo                                  Assistant United States Attorneys
Ice Miller LLP

                                                          *Counsel for Defendant*
*Counsel for Plaintiff*


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 25, 2020, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF-registered counsel by operation of the court's

electronic filing system.  Parties may access this filing through the court's system.


*s/ Lara Langeneckert*
Lara Langeneckert
Assistant United States Attorney


Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Telephone:  (317) 226-6333