UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONZER AL-KASSAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00086-JPH-DLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION TO AMEND ANSWER**

This action was filed on February 26, 2018. Dkt. 1. Plaintiff filed an amended complaint August 23, 2018, asserting *Bivens* and Federal Tort Claim Act (FTCA) claims. Dkt. 45. Defendants answered the amended complaint on November 9, 2018. Dkt. 62. In that Answer, in response to the FTCA claim, the United States did not assert the discretionary function exception as an affirmative defense. *Id.*

Now, two and a half years later, the United States seeks leave to amend its answer to assert the affirmative defense of the discretionary function exception. Dkt. 199. Plaintiff opposes the proposed amendment. Dkt. 200.

After a pleading can no longer be amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) of the Fed. R. Civ. Pro. "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires, [it] is not to be automatically granted." *Johnson v. Cypress Hill,* 641 F.3d 867, 871-72 (7th Cir. 2011) (internal quotations omitted). "[A] district court may deny leave for a variety of reasons, including undue delay and futility." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014).  *See Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (affirming denial of motion to amend answer where there was a five month delay after the original answer and leave was sought one month after discovery closed).

1

"An affirmative defense is waived when it has been knowingly and intelligently relinquished and forfeited when the defendant has failed to preserve the defense by pleading it." *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020). "[T]he court need not allow an amendment when there is undue delay [or] undue prejudice to the opposing party." *Id.* at 967. In *Burton*, the Seventh Circuit reversed the district court's decision to allow defendants to assert a new affirmative defense when the "amended complaint did not add a new cause of action, change the theory of liability, change the parties, assert new claims, or otherwise transform the litigation in any way." *Id.* at 968.

The United States does not contend that it could not have reasonably known the affirmative defense might be available. The defense was not discovered through discovery. There has been no change in counsel. Moreover, the United States provides no explanation as to why the defense was not asserted in the original Answer.

"[I]f the defense is untimely and the delay prejudices (*i.e.*, significantly harms) the plaintiff, it is forfeited and normally may not be considered by the court." *Id.* at 966. The United States argues that there was no undue delay because "within days of discovering that the discretionary function exception defense may apply," authorization from the Department of Justice was sought to assert the defense. Dkt. 199 at 2. However, the day counsel "discovered" that the defense might apply is not the basis on which the Court determines undue delay. Rather, the date the original Answer was filed is the date from which to consider whether there was excessive delay. Although the case was stayed until the exhaustion defense on the *Bivens* claims was resolved, nothing prevented the United States from asserting the discretionary function defense years earlier. The Court finds that there was undue delay in seeking to assert the discretionary function exception defense.

The remaining question is whether Plaintiff would be prejudiced by the late amendment. By prejudice, the Court means "that the late assertion of the defense causes some unfairness independent of the potential merits of the defense." *Burton*, 961 F.3d at 966. Plaintiff argues that he would be prejudiced due to the need for additional discovery and by the passage of time in doing so. "Eleventh hour additions of new legal and factual theories inevitably require new rounds of discovery and additional legal research." *Campbell v. Ingersoll Mill. Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). "This is bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants." *Id.*

This case has now been pending more than three years and adding a new defense without any justification more than two years after the Answer was filed, would unnecessarily prejudice Plaintiff. Because justice does not require the amendment, the motion for leave to amend answer, dkt. [199], is **DENIED.**

**SO ORDERED.**

Date: 9/2/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MONZER AL-KASSAR
61111-054
MARION
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

Joana O. Ampofo
ICE MILLER LLP (Indianapolis)
joanaampofo@gmail.com

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com