UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONZER AL-KASSAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00086-JPH-MKK |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER DIRECTING PLAINTIFF'S PRESENCE AT TRIAL BY VIDEO**

This case is set for a bench trial starting on March 6, 2023. The Court previously directed the parties to state their positions regarding whether Mr. al-Kassar, who is currently housed at the United States Penitentiary in Marion, Illinois ("USP Marion"), should participate in person or by video. Counsel for Mr. al-Kassar argues for Mr. al-Kassar to be able to appear in person while counsel for the United States argues that he should appear by video. Dkt. 265.

The Court's evaluation of this issue is guided by *Perotti v. Quinones*, 790 F.3d 712 (7th Cir. 2015), where the Seventh Circuit identified several factors that a district court must consider, including: (1) the cost and inconvenience of transporting the plaintiff to court from his place of incarceration; (2) the potential danger or security risk that the plaintiff would pose to the court; (3) the substantiality of the matter at issue; (4) any need for an early determination of the claim; (5) the possibility of postponing trial until the plaintiff is released from prison; (6) the plaintiff's probability of success on the merits of his claim; (7) the integrity of the correctional system; and (8) the plaintiff's interests in presenting

1

his testimony in person rather than by alternate means, such as by deposition. *Id.* at 721.

The United States argues that transporting Mr. al-Kassar would create a substantial and unnecessary security risk. Mr. al-Kassar is incarcerated for, among other things, providing support and resources to foreign terrorist organizations. Dkt. 265-1 ¶ 3. He has an extensive network outside of prison and the highest security-level designation possible within the Bureau of Prisons ("BOP"). *Id.* ¶ 4. County jails lack the capacity to maintain appropriate monitoring and security for Mr. al-Kassar so if Mr. al-Kassar were to appear in person, he should be housed at the Communications Management Unit ("CMU") at the United States Penitentiary in Terre Haute ("USP Terre Haute") where his communications can be monitored consistent with his security level. *Id.* ¶ 5-6, 9. The United States assures the Court that if Mr. al-Kassar participates in the trial by video, he will be provided with paper copies of all exhibits, a continuous video link with the Court, and a phone line to allow him to communicate with counsel privately.

Mr. al-Kassar's counsel argues that Mr. al-Kassar's in-person appearance is critical. First, he will be the main witness in his case and provide key evidence in support of his claims, and in-person testimony is the most effective means to present his testimony. He further explains that being in person will also facilitate his ability to confer with counsel throughout trial. He contends that this is particularly important because counsel has had limited opportunity to confer with him as they prepare for trial. Nonetheless, Mr. al-Kassar "strongly objects

2

to being held in custody at USP-Terre Haute (in the Communications Management Unit ("CMU") or otherwise) because it is the same location and personnel by which he suffered the very harms alleged in this lawsuit." Dkt. 265 at 2. Mr. al-Kassar states that if the USP Terre Haute is the only location where the Court would permit him to be held, he would prefer to appear remotely from his current location at USP-Marion.

Considering the factors set forth in *Perotti*, the Court finds that the factors against in-person testimony outweigh the factors that support in-person testimony. First, the United States has demonstrated the above-average security risk posed by transporting Mr. al-Kassar for trial. Housing him somewhere other than a CMU of a United States penitentiary could create serious security risks to the BOP and the public. In addition, this case has been pending for several years and, according to the BOP inmate locator, Mr. al-Kassar is not set to be released from prison until 2032, at the earliest. Thus, resolution of this case before Mr. al-Kassar is released weighs in favor of having him participate remotely. Mr. al-Kassar's interest in presenting his testimony in person is moderated by the fact that the trial is to the Court, rather than a jury. Last, the Court notes that Mr. al-Kassar was able to effectively participate and testify by video at the *Pavey* hearing.

Accordingly, Mr. al-Kassar will participate in the bench trial remotely by video. The Court will issue separate orders to ensure his presence and anticipates that the United States will facilitate his participation as stated in the affidavit of Kathy Hill. Dkt. 265-1 ¶ 8.

3

**SO ORDERED.**

Date: 2/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MONZER AL-KASSAR
61111-054
MARION
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Kayla Ernst
ICE MILLER LLP (Indianapolis)
kayla.ernst@icemiller.com

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov